IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:26-cv-20313-LMR

JOSUE LAROSE,

    Pro Se Plaintiff,

v.

AMAZON.COM, INC., et al.,

    Defendants.

_____/

## MOTION FOR ENLARGEMENT OF TIME BY DEFENDANTS A & T WORLDWIDE, INC. AND APRIL COHEN TO ANSWER, MOVE, OR OTHERWISE RESPOND TO THE AMENDED COMPLAINT

**COMES NOW,** the Defendants, A & T WORLDWIDE, INC., a Florida corporation ("A & T), and APRIL COHEN ("Cohen"), an individual, by and through their undersigned Legal Counsel, and pursuant to Rule 6 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), as well as Local General Rule 7.1(a)(1)(J), U.S.D.C., S.D. Fla., to hereby move for a modest and reasonable enlargement of time, up to and including March 10, 2026, within which to answer, move, otherwise respond to the pro se Plaintiff's Amended Complaint herein. In order to show good cause and that the requested extension of time sought is meritorious, and deserving of this Court's discretionary use of its equitable powers, Defendants, A & T, and Cohen, respectfully offer, as grounds therefor, the following points and authorities:

    1.    The pro se Plaintiff's original Complaint of Mr. Josue Larose ("Pro Se Plaintiff" and/or "Larose") [D.E.1] herein was filed on January 16, 2026.

2. Pro se Plaintiff's service on A & T and Cohen of the original Complaint herein (which pleading now is a nullity) was defective and improper.

3. The undersigned counsel was retained on or about Thursday, February 12, 2026.

4. On Friday, February 13, 2026, undersigned counsel sought, in writing, from Larose, a reasonable and modest extension of time (to March 10, 2026) to answer or otherwise respond to the Complaint. (A true and correct copy of the extension request letter is annexed hereto and made a part hereof and marked as Exhibit A.) Thus, undersigned counsel wrote to the pro se Plaintiff, on Friday, February 13th, and also called him and spoke to him, briefly, late in the afternoon on February 13, 2026.

5. However, on the morning of Saturday, February 14, 2026, Larose sent undersigned counsel a curt e-mail, stating, *in haec verba*, as follows:

" No, I do not consent to a three week extension of time.

Economist Josue Larose
* Republican Candidate for United States Senate 2026
* Wall Street Corporate Executive
* President of Greater Florida Chamber of Commerce"

(A true and correct copy of Larose's brusque response is annexed hereto and made a part hereof and marked as Exhibit B.)

6. Albeit he never mentioned it either on February 13th or 14th, on Friday February 13th, as a matter of objective fact, Larose had filed with the court his Amended Complaint. [D.E. 13] .

7. Accordingly, the answering time for all defendants, by rule, now will reset to fourteen (14) days following Larose's proper and rule-adhering service on defendants (if any).

8. However, out of an abundance of caution; aware of and carefully considering the pro se status of Plaintiff, Larose; because of the already encountered difficulties communicating with Larose; due to Larose's slow responses, or no responses, or negative response, to defendants' inquiries; further, due to certain irregularities with Laroses' address and phone information (as provided to the court); and, moreover, owing to Larose's demonstrated unwillingness to cooperate with an extension; in order to provide the above-named A & T and Cohen defendants with some measure of stability and certainty in terms of their responsive deadline and legal obligations, we file this extension motion on the above-named defendants' behalf.

9. Furthermore, in view of the Pro Se Plaintiff's refusal or failure to confer, coupled with the reasonable time that elapsed since making not one, but three (3) e-mail attempts and one (1) phone call attempt, on both February 16, 2026, and February 17, 2026, Defendants now need, and seek, this court's judicial intercession.

10. Rule 6(b)(1)(B), Fed. R. Civ. P., provides, in relevant part, as follows:

"Rule 6(b) Extending Time:

(b) EXTENDING TIME.

(1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

11. Among other reasons satisfying the requirement for good cause, in the case at bar, on behalf of the Defendants, A & T and Cohen, the principal justifications for the requested enlargement of time are as follows (not listed in order of significance):

(a) Given the very recent retention of legal counsel, defendants and their counsel need additional time to properly investigate the facts, confer with each other, evaluate potential defenses, and conduct the necessary legal research in order to prepare a responsive pleading;

(b) Pro Se Plaintiff's Amended Complaint, among other things, alleges ten (10) years of wrongdoing; thus, there are no exigent circumstances herein;

(c.) Pro Se Plaintiff's Amended Complaint names no less than four (4) defendants including, but not limited to, e-commerce titan, Amazon.com, Inc., and its Executive Chairman, Jeff Bezos;

(d.) Pro Se Plaintiff's Amended Complaint seeks the significant sum of $100 Million Dollars in alleged compensatory and punitive damages;

(e.) The acts alleged in the Amended Complaint date back to 2016, ten (10) years ago, at which time Larose claims he was an erstwhile candidate for the elected position of the President of the United States;

(f) The Pro Se Plaintiff already is flouting the discovery rules by attempting to engage in premature and unauthorized discovery, not to mention by means of highly defective and objectionable subpoenas;

(g.) The Amended Complaint appears to be frivolous;

(h.) As matters now stand, the Amended Complaint herein has not been served;

(i.)   Pro Se Plaintiff is not, and will not be, in any danger of being prejudiced by the grant of a modest and reasonable extension of time herein;

(j.)   It is believed that Defendants A & T and Cohen have numerous, meritorious defenses to this legal action;

(k.)   A pro se plaintiff in federal court, someone representing themselves without an attorney, is entirely responsible for navigating the litigation process.

(l.)   Thus, whilst Larose has a right to proceed without counsel, he ought to be expected to follow the same rules as licensed attorneys (which to date, by his papers, inaccessibility; and lack of responsiveness, he has not); and

(m.)   In that vein, a pro se plaintiff, such as Larose, also must comply with the Federal Rules of Civil Procedure, the Local Rules, and any standing orders of the assigned Magistrate Judge; Larose must act diligently; Larose is responsible for actively prosecuting his case including, but not limited to, meeting deadlines, promptly responding to counsel's inquiries and request; timely responding to motions, and participating in discovery, all in conformity with the rules.

12.   The Defendants have acted, and are filing this motion, in good faith.

13.   The Defendants have not tarried in making the instant motion under Rule 6. Counsel was hired late last Thursday, February 12, 2026.

14.   This alacrity of activity on behalf of defendants further lessens any risk of prejudice to the Pro Se Plaintiff.

15. The procedural posture of the case is such that the requested modest extension will not result in any delay, nor will it prejudice the Plaintiff. Answers are not even due; issue has not been joined; discovery has not commenced.

16. The foregoing reasons constitute good cause warranting favorable exercise of the Court's discretionary equitable powers in the case of bar.

17. The instant Motion for Enlargement of Time, is not being made for purposes of delay or any other improper or dilatory purpose.

18. No party will be prejudiced by the grant of this Motion for an Enlargement of Time.

19. No adverse impact on judicial economies or the Court's calendar convenience will result from the grant of this Motion for an Enlargement of Time.

20. In general, the case law under Rule 6(b), Fed. R. Civ. P., suggests that extensions of time should be liberally granted upon a showing of good cause.

21. The Defendants' undersigned counsel sent e-mails to the Pro Se Plaintiff on this request three (3) times and also called Larose (who did not answer the phone) and left a message for Larose, to which message Larose has not responded.

22. Essentially for the reasons hereinabove stated, it is hereby respectfully requested that this Motion for an Enlargement of Time be granted in all respects.

23. Pursuant to Local General Rule 7.1(a)(1)(J), U.S.D.C., S.D. Fla., no Memorandum of Law is required to support a Motion for Enlargement of Time.

24.     A proposed Order has been submitted herewith, for the Court's convenience, in accordance with the provisions of Local General Rule 7.1(a)(2), U.S.D.C., S.D. Fla.

**WHEREFORE,** the Defendants, A & T and Cohen, hereby respectfully request a modest, reasonable enlarged period of time, up to and including March 10, 2026, to file their answer, motion, or other response to the Pro Se Plaintiff's Amended Complaint herein, together with such other, further, and different relief as to this Court may deem just, equitable, and proper.

Dated: Weston, Florida
         February 17, 2026

Respectfully submitted,
**IRA COHEN, P.A.**

By: /s/ Ira Cohen

IRA COHEN, ESQ.
Fla. Bar No. 0359882
1730 Main Street, Ste 228
Weston, FL 33326

Telephone: (954) 533-1733
Email: icohen@ictrademarksandcopyrights.com
Counsel for Defendants,
A & T Worldwide, Inc.; April Cohen

## CERTIFICATION UNDER LOCAL GENERAL RULE 7.1(a)(3)

The undersigned Attorney hereby certifies that he, counsel for the Movant, has conferred, or attempted to confer, on February 16, 2026, and February 17, 2026, with all parties or non-parties who(which) may be affected by the relief sought in the foregoing Motion in a good faith effort to resolve the issues raised in the Motion and that Pro Se Plaintiff has refused or failed to confer and/or responded either in writing or by telephone.

By:   /s/ Ira Cohen

Ira Cohen, Esq.

Fla. Bar No.: 0359882

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 17, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically a Notice of Electronic Filing.

By:   /s/ Ira Cohen

Ira Cohen, Esq.

Fla. Bar No.: 0359882

**SERVICE LIST**

Plaintiff Pro Se

Josue Larose

1300 Washington Avenue

Unit (P.O.) Box 2064

Miami Beach, FL 33119