**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO: 1:26-cv-20313-LMR**

JOSUE LAROSE,

    *Pro Se* Plaintiff,

v.

AMAZON.COM, INC., et al.,

    Defendants.

_____/

### MOTION TO DISMISS AMENDED COMPLAINT, ON BEHALF OF DEFENDANTS A & T WORLDWIDE, INC. and APRIL COHEN, WITH INCORPORATED MEMORANDUM OF LAW

**COMES NOW**, the Defendants, A & T WORLDWIDE, INC., a Florida corporation ("A & T"), and APRIL COHEN ("Cohen"), an individual, by and through their undersigned Legal Counsel, and pursuant to Rule 4 and Rule 12(b)(1), (2), (5), and (6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), as well as Local General Rule 7.1, U.S.D.C., S.D. Fla., and other authorities, to hereby move to dismiss the *pro se* Plaintiff's Amended Complaint [D.E. 13].

This case involves the decidedly difficult to decipher claim(s) of the *pro se* Plaintiff, Josue Larose ("Larose"), an individual, who rather inartfully alleges that all of the named defendants have committed a crime, as well as a violation of his right to publicity, by using his name and photo to sell goods for a period of ten consecutive years starting a decade ago in the year 2016. For this, Larose believes he is entitled to, and demands, compensatory damages as well as One Hundred Million Dollars ($100,000,000.00) in punitive damages from defendants.

**1** | P a g e

## INTRODUCTION TO THE PRO SE PLAINTIFF'S CLAIMS

In barest summary, Larose claims that all of the defendants used his name and face, without his authorization, to sell "commercial products" on the Amazon.com website, starting in 2016 and continuing until 2026, which we note is a period of ten (10) years. (*See* Section IV, at p. 4, of Amended Complaint ("Am. Compl.") [D.E. 13].) (What the allegedly sold products were nowhere is described; dates, sales units, and figure amounts likewise are conspicuously absent.)

According to the Pro Se 1 Complaint Form, this is a federal question case.[1] It is further indicated (*see* Civil Cover Sheet) that the nature of this action is patent and trademark (albeit neither any patents or trademarks are cited or alleged).

Demanding compensatory damages plus $100 Million Dollars in punitive damages, as well as a jury, Larose opines that all of the defendants have violated his right of publicity, and damaged his reputation, because they were "using his name and picture to sell products by naming them Josue Larose for President 2016." (*See* Am. Compl., Section III, at p. 4.)

Larose further alleges that Defendants "are making more than $200 Million by using my name and my picture illegally and unauthorizedly[.]" *Id.* On page 5, Section IV, Larose again claims the defendants "are making more than $200 Million **in a period of ten consecutive years** by using my name and my picture..." (Emphasis added.)

The Amended Complaint appears to be predicated upon two (2) federal statutes and what is clearly a state law claim. Inasmuch as neither federal claim is viable, the state law claim, viable or not, cannot remain here as it cannot stand alone in federal court.

---

[1] In his original complaint, now a nullity, Larose contrarily described this action as one based on the parties' diversity. That was an erroneous conclusion as well, but now is a moot question.

The first federal claim and alleged basis for this court's jurisdiction raised by Larose is the "FTC Act 15 U.S. Code, Statute 45 (United States Federal Trademark Laws." (*See* Am. Compl. Section II and II(A), at p. 3.) Larose's second alleged federal claim is the "Lanham Act 15 U.S. Code Statute 1125 (United States Trademark Laws). (*Id.*)

Larose has dropped suit on four parties; two of which are corporate entities and two are individuals *to wit,* Amazon.com, Inc. and A & T, and Jeffrey Bezos and April Cohen. Larose is demanding a boatload of money from all defendants, who must pay him "to settle this case." *Id.,* Section IV, at p. 5. Larose seems to bifurcate his monetary demand into a punitive component of "$98 Million from Amazon.com, Inc and its President Jeffrey Bezos." Then, he wants "$2 Million from A & T  and its President April Cohen." (*Id.*).; moreover, Larose additionally seeks compensatory damages from the defendants inasmuch as "they are earning more than $200 Million in Commercial Sales" *Id.* The foregoing astronomical amounts emanate from the ether; they are not based on any facts, but rather have been cavalierly fashioned out of whole cloth.

## OPERATIVE PROCEDURAL FACTS

Plaintiff, Josue Larose, who has initiated this lawsuit and, thus, bears the *onus probandi,* has chosen to represent himself in this federal legal action; he is acting *in propria persona;* as such, he is referred to herein as the *"pro se* Plaintiff" and/or "Larose." [2] The *pro se* Plaintiff's original Complaint of Mr. Josue Larose [D.E.1] herein was filed on January 16, 2026. *Pro se*

---

[2] A *pro se* litigant is "[o]ne who represents oneself in a court proceeding without the assistance of a lawyer." Black's Law Dictionary, at 1117 (12th Ed., 2024). Whilst permitted in federal court, they must adhere to the same procedural rules, filing fees, and deadlines as attorneys. *Pro se* litigants must manage their own motions and discovery. Importantly, individuals proceeding *pro se* must still comply with all federal rules of civil procedure, local court rules, Chamber's procedures, and protocols.

Plaintiff's service on A & T and Cohen of the original Complaint herein (which pleading now is a nullity) was defective, improper, and insufficient.

The Amended Complaint was filed herein on February 13, 2026 [D.E. 13]. Notably, there is no proof of service whatsoever, on the moving defendants, of Larose's Amended Complaint.

The instant litigation is assigned to Hon. Lissette M. Reid, United States Magistrate Judge, for all purposes. (*See* Order Regarding Jurisdiction, filed January 21, 2026 [D.E. 8].) The undersigned counsel was retained on or about Thursday, February 12, 2026, and filed a Notice of Appearance herein on February 17, 2026 [D.E. 14]. The entity Defendant A & T's Rule 7.1 Corporate Disclosure Statement also was duly filed on February 17, 2026 [D.E. 15].

After the *pro se* Plaintiff eschewed their request, the moving defendants A & T, and Cohen, moved for a modest enlargement of time on February 17, 2026 [D.E. 16]. By Order dated February 24, 2026, this Court granted the motion, allowing up to and including March 10, 2026, for the Defendants to file their answer, motion, or other responsive document herein. [D.E. 18].

## ORIGINAL COMPLAINT A NULLITY

The original complaint is treated as abandoned and a nullity; it has no legal force or effect. *Royal Canin U.S.A., Inc., et al. v. Wullschleger, et al.*, 604 U.S. 22, 35, 145 S. Ct. 41 (2025).

The new (amended) complaint of Larose, thus, must include all claims and parties, as it replaces the original pleading. In short, the Amended Complaint supersedes the original complaint and becomes the operative pleading for all purposes.

## THE PRO SE PLAINTIFF'S AMENDED PLEADING CONTAINS NO EXHIBITS

Under Rule 15(a), Fed. R. Civ. P., the amended complaint replaces the original (including any and all exhibits and attachments). That also means that any documents or exhibits not included in the new filing (*i.e.*, the amended complaint) are no longer part of the active case record.

As a matter of objective fact,  Larose removed all of the exhibits and filed his Amended Complaint without more, save for the Civil Cover Sheet. As the Eleventh Circuit Court of Appeals aptly stated in *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016):

> "As a matter of law, the second amended complaint filed by Mr. Hoefling "supersede[d] the former pleading[s]; the original pleading[s] [were] abandoned by the amendment, and [were] no longer a part of [Mr. Hoefling's] averments against his adversar[ies]." Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir.2006). So when Mr. Hoefling filed the second amended complaint, the first amended complaint **(and its attached exhibits)** became a legal nullity." (Emphasis added.)

As explained by the United States Supreme Court in the *Royal Canin* case, *supra*, 604 U.S. 22, at 35, a "plaintiff is the 'master of the complaint,' and therefore controls much about [her] suit." Plaintiff can strategically remove previously attached exhibits or allegations. There are legal consequences, however; in the case at bar, the Amended Complaint has no exhibits and must be treated by the court, and the parties, accordingly.

## PRO SE PLAINTIFF SPORTS AN IMPROPER CAPTION

In the caption of the subject Amended Complaint, the *pro se* Plaintiff refers to himself, *in haec verba (margins and all)*, as follows:

> "Josue Larose
> Republican Candidate for United States Senate 2026
> Wall Street Corporate Executive
> Chamber of Commerce President"

Utilizing a pseudonym (*e.g.*, "John Doe") in federal court requires prior court permission, as Federal Rule of Civil Procedure 10(a) generally mandates using real names; Rule 10 requires complaints to state the parties' names. *See* Doe v. *Porter*, 370 F.3d 558, 560 (6th Cir. 2004) ("As a general matter, a complaint must state the names of all parties.").)

Notwithstanding the foregoing, it appears that the *pro se* Plaintiff either is attempting to make a mockery of this case or to use his supposed titles as a means of bullying. In federal court, a party should not use a case caption to annoy, harass, intimidate, oppress, or vex another party, or to impress or influence the court. The caption should not be used to simulate legal authority or one's position/title. It is not a place for window-dressing or personal aggrandizement. Accordingly, this Court should strike all such extraneous references, *nunc pro tunc*, and admonish the *pro se* Plaintiff not to include any such references, alleged titles, or positions on any future legal documents in this case. It is so requested by the moving Defendants.

In addition to utilizing an improper caption, *pro se* Plaintiff appears to be playing fast and loose with other rules. For example, it appears that *pro se* Plaintiff falsely and inaccurately filed a form A0 120 Report on the Filing or Determination of an Action Regarding a Patent or Trademark with the United States Patent and Trademark Office ("USPTO") on or about January 20, 2026 [D.E. 6].[3] Accordingly, the A0 120 Report should be stricken from the record and the USPTO informed accordingly. It is so requested of this Court by the moving Defendants.

## THE AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF

The Amended Complaint in this case may be short, but it certainly is anything but plain. Rule 8(a), Fed. R. Civ. P. Rather, it is general and vague; repetitive and rather uninformative. It contains few specific allegations; it lacks factual support for naked conclusions; frankly, the "claims" read like the proverbial broken record.

---

[3] This form is used, where appropriate, to notify the Director of USPTO of lawsuits involving registered or applied-for patents and trademarks. There is no issued Letters Patent involved in this case; likewise, there is no registered trademark involved herein. This act by Larose represents a waste of the court's and USPTO's valuable time and precious resources.

As this Court accurately pointed out in the case of *Doss v. Snyder*, 2019 W 13549356, *2

(S.D. Fla. 2019):

> "When reviewing the complaint, the court takes the allegations made as true. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). To "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright*, 740 F. App'x at 694 (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*)). Although a *pro se* pleading is liberally construed, it still must "suggest that there is some factual support for a claim." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, at 550 U.S. at 555.)."

Per Hon. Lisette M. Reid, United States Magistrate Judge

As well-stated by the Court of Appeals for the Federal Circuit, the fact that " he acted pro

se in the drafting of his complaint may explain its ambiguities, but does not excuse its failures, if

such there be." *Henke v. U.S.*, 60 F.3d 795, 799 (CAFC 1995).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556

U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)). Although this pleading standard "does

not require 'detailed factual allegations,' ... it demands more than an unadorned, the-defendant-

unlawfully-harmed-me accusation." *Id.* (alteration added) (quoting *Twombly*, 550 U.S. at 555).

Quoted in *F.T.C. v. Centro Natural Corp.* 2014 WL 7525697 (S.D. Fla. 2014)(per Altonaga, J.)

**PLAINTIFF FAILS TO STATE A CLAIM OVER THE INDIVIDUAL DEFENDANT, COHEN; DISMISSAL WARRANTED UNDER RULE 12(b)(6)**

Courts are often called upon to differentiate between a corporation and its officers or directors. Generally speaking, there must be proof of personal involvement or direct, intentional participation in tortious or unlawful conduct.

The individual defendant, Cohen, has been accused of violating the law based upon corporate acts of A & T, of which she is an officer. In the Amended Complaint, defendants are herded together and all branded equally culpable. Yet, there is nothing specifically alleged against Cohen in terms of her own acts or conduct. On the contrary, Larose names Cohen (as he does defendant Jeffrey Bezos) merely because they are officers of the entity defendants. In his amended pleading, Larose describes "Defendant No. 4 Name April Cohen Job or Title (if known) President of A & T Worldwide, Inc. DBA A & T Designs" (*See A*mend. Compl, at p. 2.) Larose goes on to state as follows:

> I file this Civil Lawsuit against Amazon.com Inc., against Jeff Bezos, against A&T Worldwide Inc, and against April Cohen for using my name and my picture to sell products… (*Id.*, Section III, at p. 4.)

> Larose then proceeds to baldly conclude, *inter alia*, that:

> "The Defendants Amazon.com Inc, A&T Worldwide Inc, Jeff Bezos and April Cohen are violated [sic] the Right of Publicity, the Federal Trademark Laws, the FTC Act 15 U.S. Code, Statute 45.and the Lanham Act 15 U.S. Code, Statute 1125 by using my name and my picture without authorization. They are damaged my reputation. The Defendants are using my name and picture for a period of ten consecutive years from 2016 to 2026…"

The general rule is that a director or an officer of a corporation does not incur personal liability for its torts merely because of the person's official character. *Aboujaoude v. Poinciana Development Co. II,* 509 F. Supp. 2d 1266, 1277 (S.D. Fla. 2007). "A director or officer of a

corporation does not incur personal liability for its torts merely by reason of his official character; he is not liable for torts committed by or for the corporation unless he has participated in the wrong." *Home Loan Corp. v. Aza,* 930 So.2d 814, 815 (Fla. 3rd DCA 2006) (quoting *Orlovsky v. Solid Surf, Inc.,* 405 So.2d 1363 (Fla. 4th DCA 1981))." *Aboujaoude, supra,* at 1277.

In order to survive a motion to dismiss, a plaintiff must specifically allege that the officer was personally involved in the alleged misconduct, rather than just acting in their corporate capacity. Here,  Larose has sued Cohen merely because she is "President" of Defendant A & T, just as Larose has sued Jeffrey Bezos merely because he is Amazon.com, Inc.'s chief executive.

In order to state a proper claim, Larose was required to allege that Cohen, as an individual, had actively and directly participated in specific unlawful acts. This Larose utterly has failed to do, as he neglected to do regarding Mr. Bezos.

That is so because, in the absence of some special showing, under the law, the officers of a corporation are not liable for infringement or unfair competition or other unlawful acts. In stark contrast, the amended complaint makes only general, conclusory statements without any specific supporting facts. Indeed, there are few specific facts about any of the defendants. Such general allegations attempting to implicate the individual defendant, Cohen, fail to support piercing the corporate veil to hold Cohen liable for corporate acts.

Accordingly, there being no such allegations of Cohen's direct involvement or participation in specific acts, the claims against Cohen, an individual, ought to be dismissed under Rule 12(b)(6), Fed. R. Civ. P.

## DISMISSAL UNDER RULE 12(b)(5): INSUFFICIENT SERVICE OF PROCESS

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.,* 553 F.3d 1351, 1360 (11th Cir.2008) (citation and internal quotation marks omitted). Neither of the moving Defendants herein has been properly served. To be candid, they most assuredly have not been served at all with Larose's Amended Complaint. There is nothing in the record to support such service, proper or otherwise.

As to the original Complaint herein, we must bear firmly in mind that said initial pleading now is deemed a nullity and of no force or effect. Yet, the court does have the "Proofs of Service," filed by Larose which, as discussed, *infra.,* only serve to raise more questions and make the case even stronger against Larose that he has filed to effectuate proper service of process in the matter at hand. (*See* [D.E. 9 and D.E. 10].)

As to A & T, a Florida corporation, the law provides, looking to Rule 4(h), Fed, R. Civ. P., that serving corporations in Florida requires delivering a copy of the summons and complaint to an officer, managing agent, general agent, or any other agent authorized by appointment or law. *See also* Fla. Stat. 48.081. If, after reasonable diligence, the corporation cannot be served directly, substituted service may be made upon the Secretary of State. The permissible methods of delivery are personal service: i.e., hand-delivering the documents to the authorized person, or certified/registered Mail: Generally used for substituted service through the Secretary of State.

The moving corporate Defendant, A &T, was not served by service on its Registered Agent, or on office or director, or through the Secretary of State. Rather, it was allegedly mailed to Cohen's attention by Larose allegedly utilizing the U.S. Postal Service ("USPS").

There are many other problems and facial inconsistencies, The Proof of Service, which is not signed by Larose (indeed, it is not "signed" by anyone), filed with this court (D.E. 9], on January 30, 2026, stated that the Summons was received on 01/24/2026. However, it also says it was mailed on 01/21/2026. (That is to say, it was mailed 3 days before it was received.)

It goes on to recite that the person who "signed" left the summons at an individual's place of abode (not a corporate address) on Jan 21, 2026, which is 3 days before he received the Summons. Then, the Proof of Service states the Summons was mailed on January 21, 2026 "via the United States Postal Service (USPS) as a Certified Mail and was signed by an authorized person at the delivery on January 24, 2026." (January 24th is the date the person who "signed the Proof of Service received it.) There is no identification of the person who received the delivery.

The document is dated January 30, 2026, and is not "signed" by a person. Rather only "USPS Employee" is typed in two times. There was no indication of any person's name or age for the alleged server. There was no green card, USPS Form 3811 provided to the court. The documents were addressed to an address in Parkland, FL yet the alleged USPS Tracking shown to the court shows delivery to the wrong town, Pompano Beach, FL.

There has been no proper service on the individual Defendant, Cohen, either. Proper service on individuals in Florida under Federal Rules of Civil Procedure (FRCP) 4 requires delivering a copy of the summons and complaint personally, leaving them at the individual's

dwelling with someone over 15, or using authorized state methods (Florida Statutes § 48.031).
Any person at least 18 years old and not a party to the case can serve the papers, which must be
personally delivered directly to the individual.

Once again, the receipt date and the date of alleged service clash on the face of the Proof
of Service. Further, once again, we do not know who served the document. We do not know who
the alleged recipient was. We do not know if the server was over 18. We do not know who
"signed" the Proof of Service. We do know the town; again, instead of Parkland, the delivery
was made to the wrong town, Pompano Beach (address unspecified.) As with the corporate
service (or lack thereof), there is no signed USPS green card for Cert. Mail attached (*i.e.*, USPS
Form 3811).

In both situations, involving the entity defendant, A& T, and the individual defendant
Cohen, Larose has failed to effectuate proper service of process. Indeed, Larose should not have
used the postal service at all. The case law is clear: sending Summonses via the USPS is not
deemed proper service. *See Ojelade v. Coleman*, 258 Fed. Appx 257, 2007 WL 4275503 (11th
Cir. 2007):

> "Ojelade was instructed by the court numerous times on the methods available for serving
> process on the defendants. The court explicitly advised Ojelade that sending summonses
> via USPS was insufficient service. The court also gave Ojelade two extensions of time: a
> 20–day extension, then a 30–day extension. Ojelade did not properly effect service on either
> defendant during the time allotted, despite the court's instructions and two extensions of
> time.
>
> Ojelade failed to enlist "any person who is not a party and who is at least 18 years of age"
> to deliver a copy of the summons and complaint to Coleman, **and his use
> of USPS was not a proper substitute because USPS was not a natural person and
> cannot effect service. See Fed.R.Civ.P. 4(c)(2). Similarly, Ojelade did not serve process
> on CHS because he did not enlist someone over the age of 18 to effect service on a
> proper officer or agent of CHS, and USPS was not a proper substitute.** Therefore, the
> district court did not abuse its discretion in sua sponte dismissing the case under Rule

4(m) because Ojelade did not follow the requirements of Rule 4. See, e.g., Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir.2007) (per curiam) (affirming the dismissal of a pro se litigant's claims for failing to meet the explicit *259 requirements of Rule 4

*Id.*, at 258-59. (Emphasis added.)

In short, Larose improperly used the USPS to serve his legal documents (if they were served at all). Furthermore, neither the moving Defendants, nor the court, can know what exactly, if anything, was delivered …because only Mr. Larose knows what documents, if any, he allegedly placed in the envelopes which he supposedly gave to the USPS to deliver.

Improper service in federal court typically results in a motion to dismiss, as here. This action should be dismissed under Rule 4 and under Rule 12(b)(5) for insufficient service of process.

## THIS COURT HAS NO SUBJECT MATTER JURISDICTION OVER THE ALLEGED FTC CLAIM, TITLE 15, STATUTE (SECTION) 45; RULES 12 (b)(1) & (6)

The moving Defendants attack this particular claim under Rule 12(b)(1) and (6), Fed. R. Civ. P. The claim is not viable, and, in addition, this Court has no proper jurisdiction over an FTC claim. The law is well-settled that there is no private right of action under this statute.

This Court, under Rule 12(b)(6) must, for purposes of the motion to dismiss, accept only all well-pleaded allegations as true. Furthermore, whilst this Court must draw only all reasonable inferences in the plaintiff's favor when deciding a motion to dismiss. At the same time, this Court is not bound to accept the truth of any legal conclusions posited by the *pro se* Plaintiff. This Court should not fill in the glaring blanks in Larose's claims or connect the peppered dots which, helter skelter, span the rocky legal landscape of this amended pleading.

"'Federal courts are courts of limited jurisdiction.' *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L.Ed.2d 391 (1994). It is presumed that a federal court lacks jurisdiction in a particular case until the plaintiff demonstrates the court has jurisdiction over the subject matter. See id. (citations omitted). If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. FED. R. CIV. P. 12 (h)(3)." *Federal Trade Commission v. Centro Natural Corp., et al.,* 2014 WL 7525697, *2 (S.D. Fla. 2014).

The FTC has broad, nation-wide jurisdiction to protect consumers and promote competition by prohibiting unfair or deceptive acts, practices, and unfair methods of competition in or affecting commerce. Importantly, however, claims under Section 5 of the Federal Trade Commission Act (15 U.S.C. § 45), which prohibits unfair methods of competition and deceptive acts, are enforced exclusively by the Federal Trade Commission. Private individuals cannot directly sue under this section; a private party cannot bring a claim directly under Section 5.

Larose's FTC claim, thus, is frivolous *ab initio.* "There is no private cause of action implied under the Federal Trade Commission Act." *Id.* (quoting *Lingo v. City of Albany Dep't of Cmty. & Econ. Dev.,* 195 F. App'x 891, 894 (11th Cir. 2006)); *see also In re SuperValu, Inc.,* 925 F.3d 955, 963–64 (8th Cir. 2019) (declining to impose a duty based on the FTC Act because "Congress empowered the Commission—and the Commission alone—to enforce [it]. Implying a cause of action would be inconsistent with Congress's anticipated enforcement scheme."). *In re Mednax Services, Inc. Customer Data Security Breach Litigation,* 603 F. Supp. 3d 1183, 1225 (S.D. Fla 2022). (per Ruiz, J.)

To state the obvious, the FTC is not a party to this action. Nor is there any pending FTC proceeding against the defendants or any of them.[4]

Therefore, on the face of the Amended Complaint, *pro se* Plaintiff's frivolous claim under Title 15, Section 45, cannot pass legal muster. This Court lacks subject matter jurisdiction over any such claim. Dismissal is warranted under Rule 12(b) (1) and (6), Fed. R. Civ. P.

## PLAINTIFF'S SECTION 1125(a) CLAIM IS NOT SUPPORTED & UNSUPPORTABLE

Dismissal also is warranted, under Rule 12(b)(6), Fed. R. Civ. P., of the inapposite Title 15, U.S. Code, Section 1125(a) claim.

Title 15 U.S.C. §1125(a) (Lanham Act), also relied upon by Larose, in gross contradistinction, governs federal false advertising and endorsement; it is, thus, quite distinct from Larose's state-level right of publicity violation claim.

Instead, Section 1125(a) focuses on commercial deception, false designation of origin, or false advertising that causes confusion. The allegations of the *pro se* Plaintiff's Amended Complaint include no such allegations. Simply stated, there are there are no false advertising or false endorsement allegations, and this Court should not read them into this most imperfect pleading.

---

[4] Additionally, there is a three (3) year statute of limitations that applies to actions brought under Section 45. *FTC v. Centro, supra,* 2014 WL 7525697, *7. Given that fact that Larose claims in his Amended Complaint that the defendants' actions date back to 2016, any claim under Section 45 would be time-barred, even if it could properly be brought.

**IN ANY EVENT, ANY CLAIM UNDER TITLE 15, SECTION 1125 WOULD BE TIME-BARRED**

Even if Larose had stated a valid claim under Section 1125(a) – which he has not – it would be time-barred, based on a facial review of his amended pleading. There is no viable legal claim under Section 1125(a) as to which relief can be granted. Rule 12(b)(6), Fed. R. Civ. P.

The acts alleged in the Amended Complaint date back to 2016, ten (10) years ago, at which time Larose claims he was an erstwhile candidate for the elected position of the President of the United States. As pointed out, *supra,* Larose insists, time and again, that the defendants' wrongdoing dates back ten (10) years (2016-2026). Taking his allegations as true, any claim under Title 15, Section 1125 would be time-barred.

The Lanham Act (federal trademark law) has no specific, federally defined statute of limitations for infringement claims. Instead, courts apply the equitable doctrine of laches, which bars claims if the owner unreasonably delayed in suing, causing prejudice to the defendant(s). Whilst the Lanham Act does not prescribe a statute of limitations, the Eleventh Circuit has made it clear that the four-year limitation period governing most analogous state law claims also applies to Lanham Act claims.

> "The district court concluded correctly that Plaintiff's claims are governed by a four-year limitations period. Because Florida law provides no specific limitations period for Plaintiff's trademark, unfair competition, or misappropriation claims, the catch-all four-year limitations period in Fla. Stat. § 95.11(3)(p) applies. See Fla. Stat. § 95.11(3)(p) (providing a four-year limitations period for "[a]ny action not specifically provided for in these statutes."). Florida's four-year limitations period also governs the timeliness of Plaintiff's federal trademark and unfair competition claims. See AmBrit, Inc. v. Kraft, Inc., 812 F.2d 1531, 1546 (11th Cir. 1986) (looking to Florida's four-year limitations period to determine whether laches applied to a trademark infringement claim, explaining

that "because the Lanham Act does not contain a statute of limitations, the period for analogous state law claims is to be used as a touchstone for laches.").

*Martin v. E.C. Publications, Inc.,* 849 Fed. Appx 239, 241 (11th Cir. 2021).

## IF ANY CLAIM AT ALL  IS STATED BY PLAINTIFF, IT IS A RIGHT OF PUBLICITY CLAIM, WHICH IS A STATE LAW, NOT A FEDERAL LAW, CLAIM

The misappropriation of name and likeness is a claim under Florida, not federal, law. Larose has raised such claim in the wrong court. Dismissal, thus, is warranted, under Rule 12(b)(1) and (6), Fed. R. Civ P. of the state law claim.

Larose mentions, several times, an alleged violation of his "Right of Publicity." (*See* Am. Compl., Sections III and IV, at pp. 4-5.) It cannot be over-emphasized that right to publicity claims is primarily based on state common law or statutes, not federal law.

The right of publicity, then, generally is deemed to be a matter of state law (*i.e.*, Florida law), whereas Title 15 U.S.C. §1125(a) is federal law. It is the right of publicity that protects an individual's name, likeness, and identity from unauthorized commercial use. Violations allow for injunctions, compensatory damages, punitive damages, and attorney's fees. Having said that, Larose has no valid Title 15, Section 1125(a) federal claim herein.

Stated otherwise, Larose's right of publicity claim does not belong in federal court at all. He can attempt to seek relief in Florida state court if he is so inclined and his claim is timely.[5]

---

[5] Long ago, a properly pleaded claim by Larose might have been cognizable under Florida law. §540.08 prohibits the unauthorized use of a person's name, portrait, photograph, or likeness for commercial or advertising purposes. Notably, however, the statute of limitations applicable to Section 540.08 is that governed by applicable tort or property law. The intentional tort statute of limitations in Florida is two (2) years. By the very words of his own pleading, and

It hardly seems necessary to add that, inasmuch as the federal claims Larose's pleading attempts to raise are not viable, there are no federal claims herein remaining. It then follows, as night follows day, there being no remaining federal claims in this case, that there is no justifiable basis for this court to retain a Florida state law claim such as Right of Publicity, whether valid or invalid, timely or untimely, or otherwise.

It now is graven in stone that when all federal claims are dismissed, the court's power to hear the case are dissolved. In cases of diversity jurisdiction – which this is not – a federal court may keep state law claims, even if the federal questions are removed. Nevertheless, where, as here, there are no federal claims, the state court claim(s) must likewise be jettisoned. The Supreme Court of the United States, under the *Royal Canin* case, *supra*, has made it a bright-line test: dismissing federal issues ends federal jurisdiction. Consequently, "with any federal anchor gone, supplemental jurisdiction over the residual state claims disappears as well." Id., 604 U.S. at 39. "And so the suit became one for state court." *Id.*, 604 U.S. at 44.

## CONCLUSION

Essentially for the reasons hereinabove stated, it is hereby respectfully requested that this Motion to Dismiss be granted in all respects.

---

the repeatedly stressed ten (10) year period of alleged misconduct and illegality by defendants, it is apparent that Larose's right of publicity claim appears to be time-barred.

**WHEREFORE**, the Defendants, A & T and Cohen, hereby respectfully submit that this Court should dismiss the *Pro Se* Plaintiff's Amended Complaint herein, together with such other, further, and different relief as to this Court may deem just, equitable, and proper.

Dated: Weston, Florida
March 10, 2026

Respectfully submitted,

IRA COHEN, P.A.

By:___/s/Ira Cohen_____

IRA COHEN, ESQ.
Fla. Bar No. 0359882
1730 Main Street, Ste 228
Weston, FL 33326

Telephone: (954) 533-1733
Email:  icohen@ictrademarksandcopyrights.com
Counsel for Defendants,
A & T Worldwide, Inc.; April Cohen

## NO REQUIRED CONFERRAL UNDER LOCAL GENERAL RULE 7.1(a)(3)

The undersigned Attorney hereby certifies that no conferral is required by the Local Rules on a motion to dismiss. *See* Local Rule, USDC, SD Fla., 7.1(a)(3).

By: _____/s/ Ira Cohen_____

Ira Cohen, Esq.
Fla. Bar No.: 0359882

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 10, 2026, I electronically filed the foregoing document (Motion to Dismiss) with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel (of record or otherwise) and parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically a Notice of Electronic Filing.

By: _____ /s/ Ira Cohen _____

Ira Cohen, Esq.

Fla. Bar No.: 0359882

## SERVICE LIST

Plaintiff *Pro Se*
Josue Larose
1300 Washington Avenue
Unit (P.O.) Box 2064
Miami Beach, FL 33119
economistjosuelarose@yahoo.com

Counsel for the Defendants, Amazon.com,Inc. and Jeffery Bezos
Mallory Cooney, Esq.
K & L Gates LLP
200 South Biscayne Boulevard
Suite 3900
Miami, Florida 33131
Phone: (305) 539-3342
Fax: (305) 358-7095
mallory.cooney@klgates.com
www.klgates.com