IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:26-cv-20313-LMR

JOSUE LAROSE,

     *Pro Se* Plaintiff,

v.

AMAZON.COM, INC., et al.,

     Defendants.

                                    /

## REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS ON BEHALF OF DEFENDANTS A & T WORLDWIDE, INC. and APRIL COHEN

**COME NOW**, the Defendants, A & T WORLDWIDE, INC. ("A & T"), and APRIL COHEN ("Cohen"), by and through undersigned Legal Counsel, and pursuant to Rules 4 and 12, Fed. R. Civ. P., and Local General Rule 7.1, U.S.D.C., S.D. Fla., to respectfully submit their Reply Memorandum in Support of the Defendants' Motion to Dismiss ("MTD")[D.E. 23].

## SUMMARY OF DEFENDANTS' REPLY

The *pro se* Plaintiff has utterly failed to rebut the moving Defendants' MTD. Larose's Opposition, filed March 16, 2026 [D.E. 24] largely repeats the vague, amorphous rantings of his pleading; he incessantly incants the words "fraudulently" and "illegally" as if they have some magic powers, while he wholly fails to rebut, dispute, or even respond, to many of Defendant's arguments; he has waived his rights on issues; and he fails to concede well-settled, immutable points of law, thus wasting this Court's valuable time and precious resources, not to mention

1

running up the defense bill. What is more, he slyly interjects new claims against defendants. Larose's pleading resembles a jigsaw puzzle whose pieces have been cast asunder on the table; one chaotic mess of misshapen fragments which neither defendants, nor this Court, should be obliged to piece together for Larose.

Mirroring his seriously defective Amended Complaint, Larose's claims are flawed -- in some cases, fatally flawed -- such claims have not aged better with either time or repetition. There remains no sound reason not to dismiss the Amended Complaint, the FTC portion of which, in accord with indelibly established legal precedent, should be dismissed with prejudice.

## FLOUTING FORMALISMS AND REBUFFING THE RULES

Larose continues to flout the august Federal Rules and the rules of this Court. Once again, adorning his legal captions in self-laudatory honorifics. With a font size large enough to match his ego, his self-aggrandizing caption ought to be construed as a threatening pointer at defendants, and a finger poke in the eyes of the court. (*See* pp. 5-6 of Defendants' motion papers [D.E. 23].)

Insofar as procedural requirements are concerned, *pro se* litigants must follow the same rules of civil procedure and evidence as lawyers, including deadlines and formatting for motions. Lamentably, Larose evidently is incapable of, or unwilling, to abide by rules. The fact, however, is that *pro se* or not, *ignorantia juris non excusat* (ignorance of the law does not excuse).

Notably, there appears to be a rather strange discoloration or shading on his opposition papers which suggests Larose may have used a "cut and paste job," perhaps from AI. More crucially, the paper is violative of the Local Rules. For example, a good portion of the text

utilizes less than twelve (12) point font. Furthermore, virtually all of the text impermissibly is only couched in single spaces between the lines. *See* Local Rule S.D. Fla. 5.1(a)(4). Larose already strains credulity; neither this Court, nor Defendants' counsel should suffer the optical strain of trying to read Larose's rambling papers without bright light and enhanced magnification. These violative opposition papers should be stricken *in toto*.

## LAROSE's IMPROPER EXHIBITS IN OPPOSITION SHOULD BE STRICKEN

So, too, the Court should strike the "Exhibits" to the opposition papers. Under the well-recognized "Four Corners" Rule, a court generally is limited to looking only at the complaint and public records, not new evidence, when determining whether the complaint contradicts settled law. Only five pages of text comprise the eighteen-page filing. The remaining thirteen pages are improper exhibits which fall well outside the four corners of the pleading.[1]

## THE AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF

At p. 2, Larose cavalierly concludes his claims are "sufficiently stated." He asserts Defendants have "cited no valid authority," yet neglects to give any specifics or explain why he takes issue with the many cases cited by the Defendants in support of their firmly- grounded dismissal arguments. He pontificates; he neither explains, nor exemplifies.

---

[1] It appears that Larose is attempting, improperly, to resurrect his old exhibits, from the original Complaint which, of course, upon the filing of Larose's Amended Complaint, became a nullity. As aptly stated in Defendants' motion, all exhibits appended to the original Complaint were erased from the record.

Courts often allow that *pro se* pleadings are to be liberally construed and afforded a more lenient reading. Nevertheless, that does not relieve the *pro se* litigant of the basic requirements to state a clear claim or follow rules during motion practice.

Larose commences on page 1 of his opposition papers by seemingly arguing that merely by him changing the nature of the case on the Civil Cover Sheet, he somehow manages to salvage this frivolous case from legal attack. Merely because Larose cites 1 or more federal statutes does not, without more, serve to fashion a viable federal court complaint.

Plaintiff, like a parrot, by repeatedly squawking "fraudulent" and "illegally," seems to hope that passes legal muster. *Pro se* Plaintiff also chose, in his opposition papers, to simply ignore a number of specific grounds raised by the defendants; accordingly, he now has waived his right to oppose those particular grounds.

Merely because Larose inscribes words or phrases such as "trademark infringement" or "Trademark Law Violation" or "Lanham Act" does not give rise to viable causes of action. In this case, there is no substance behind the words. Larose's pitiable pleading just keeps referring to the same statutes and echoing the same conclusory statements over and over, time and again.

## LAROSE's OPPOSITION PAPERS IMPROPERLY SEEK TO ADD NEW CLAIMS

In addition, Larose commits the cardinal sin of interposing, for the first time, new claims into his case. The court should strike all such novel claims. By way of illustration, at page 1 of the opposition papers, Larose now accuses defendants of "trademark infringement," as well as "Cybersecurity Crimes and Frauds." (*See also* p. 4 where Larose now claims Defendants have "committed the Federal Trademark Infringement, Financial Frauds, Malice, Identity Theft and

4

Cybersecurity Crimes...")[2] There are no such claims in this case. Such errant claims should be stricken and ignored by this Court for purposes of deciding the pending MTD.

## THE AMENDED COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF AGAINST THE INDIVIDUAL DEFENDANT, APRIL COHEN

Defendants carefully and painstakingly laid out their arguments with respect to this point at pp. 8-9 of the MTD. No supererogation is here needed. Larose's coarse and clunky amended complaint inappropriately relies on "labels and conclusions" (without even any "formulaic recitations of the elements") rather than any factual plausibility. Indeed, the dearth of facts makes plausibility of the pleading here under consideration highly implausible.

> "However, conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Airlines, Inc.,* 326 F.3d 1183, 1185 (11th Cir. 2003); see also *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (explaining that courts do not consider "any allegations in the complaint that are merely legal conclusions").

Larose opines, *ad nauseam*, that Defendant A & T and "its President April Cohen" are "Fraudsters" and having acted "illegally" and "fraudulently." Under cases such as *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*, a pleading requires sufficient factual matter to make the claim plausible, not just legal conclusions or formulaic recitations of elements. "Naked assertions" devoid of factual enhancement are insufficient. There is a plausibility standard whereby the complaint must allege enough facts to move a claim from merely conceivable to plausible. In situations where, as here, the objectionable pleading offers only labels, conclusions, or "unadorned, the-defendant-unlawfully-harmed-me," accusations ought to be

---

[2] The vitriol, and lucre, in Larose's pleading are so omnipresent, so unctuous, they literally drip off the pages. At page 3 of his opposition, Larose, expresses his desire that the defendants "must be punished severely by the judge for making frauds and cybersecurity crimes..." No such claims are stated in this case which is, after all, a civil case, a fact that apparently escapes Larose.

dismissed. Otherwise, as here, no fair notice of the claims – and the grounds they rest on – have been provided to defendants. Larose has given no facts about Ms. Cohen as an individual actor. He relies, erroneously, on the mere mantra that she is the "President" (of Defendant A & T).

More crucially, perhaps, in the case at bar, Larose's opposition papers completely ignored this ground for dismissal. In federal court, failing to contest or concede a point, argument, or defense often results in a waiver of that issue, preventing it from being raised later.

## THE AMENDED COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(b)(5), FOR INSUFFICIENT SERVICE OF PROCESS

Defendants rest on the arguments and authorities raised in the motion to Dismiss. Larose's repeated protestations are unpersuasive and, frankly, do not merit further discussion.

## THIS COURT HAS NO SUBJECT-MATTER JURISDICTION OVER AN FTC CLAIM BY AN INDIVIDUAL, AN FTC CLAIM WHICH IS, THUS, FRIVOLOUS

As to his FTC claim (*see* discussion at pp. 13-15 of the MTD) , even if all of plaintiff's allegations are accepted as true, they fail to state a claim for relief. Nowhere is this bedrock dismissal principle clearer than with regard to Larose's doomed FTC private action claim.

The FTC claim is an utter sham and frivolity. And, once again, in Larose's opposition papers, his response to this argument is conspicuous by its absence. He has, thus, waived the right to argue it and conceded the point in favor of the moving defendants.

If not deemed waived by this Court, in barest summary, there is no private right of action for an FTC claim. Rule 12, thus, is the proper procedural vehicle here. Such a claim does not exist; not here; not anywhere. There is no private cause of action implied under the Federal Trade Commission Act. *Roberts v. Cameron–Brown Co.,* 556 F.2d 356, 361 n. 6 (5th

6

Cir.1977) (noting that "regulation is in the hands of the administrative agency, and not the private citizen"). Larose cannot maintain a claim under that Act. *Lingo v. City of Albany Dept. of Community & Economic Development*, 195 Fed. Appx. 891, 894 (11ᵗʰ Cir. 2006). *See also Fulton v. Hecht*, 580 F.2d 1243, 1248 n.2 (5th Cir. 1978) ("[T]here is no private cause of action for violation of the [FTCA]."). *See also Sharpe v. Wells Fargo Home Mortg.*, No. 1:12-CV-04292-CC-GGB, 2013 WL 12109445, at *2 (N.D. Ga. Apr. 4, 2013), Rep. & Rec. adopted, 2013 WL 12106955 (N.D. Ga. July 15, 2013), (dismissing FTC Act claim because there is no private right of action under the statute).

In sum, this Court is not required to accept Larose's legal conclusions where, as here, they contradict settled law. Inasmuch as his FTC claim cannot be fixed by amendment, the dismissal ought to be with prejudice, laying Larose's frivolous FTC claim to its final rest.

## LAROSE's SECTION 1125(a) "GRIEVANCE" IS NOT A VIABLE CLAIM

There is no stated plausible Section 1125(a) claim. Larose's opposition does not touch the Section 1125(a) claim (except to the limited extent he repeats it, by number, and conclusorily states that Defendants have violated it). Defendants' unopposed arguments with respect thereasto (*see* pp. 15-17 of the MTD), including the statute of limitations) should be adopted by this Court.

If Larose had attempted to make a claim under Section 1125(a), not for infringement of a trademark, but rather for false endorsement, that route, too, would inexorably fail, inasmuch as

his pleading <u>fails</u>: 1) to recite any predicate facts for such a claim; 2) to recite the elements of any such claim; and 3) even if it did, any such claim would be time-barred.[3]

## A RIGHT OF PUBLICITY VIOLATION, EVEN IF ALLEGED, MUST FAIL AS IT IS A STATE COURT CLAIM AND DOES NOT BELONG HERE IN FEDERAL COURT

To the extent, if any, that this Court believes that Larose has stated a claim for a violation of his Right of Publicity, such a claim would, beyond debate, be a state law claim. Such a claim, thus, may not be maintained here, in federal court, where there are no viable federal claims. If anywhere, such a claim belongs in a state court. (*See* F.S. 540.08) Further, no amendment can cure this flaw in the pleading; any such amendment would be futile.

## ADDITIONAL REPLY ARGUMENTS THAT REBUT LAROSE's POINTS

Larose self-servingly states, at **p.** 1 of his opposition, that his "Amended Complaint not only meets but exceed the standards governing the form of a complaint…" Defendants think it neither ill-fitting, nor an injustice, to remark: *res ipsa loquitor* (the nature of the thing speaks for itself).

> "Although pleadings drafted by pro se litigants are liberally construed, *Tannenbaum v. United States,* 148 F. 3d 1262, 163 (11th Cir. 1998(, they must still "conform to procedural rules." *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)." Reprot & Recommendation of United States Magistrate Judge, Julie S. Sneed, in *Polselli v. Hillsborough Area Regional Transit Authority*, Case No. 8:20-cv-2809-T-02JSS (M.D. Fla., Tampa Div. Feb. 19, 2021).

---

[3] It hardly seems necessary to add that, despite Larose employing lip service to the phrase "trademark infringement," there is no trademark infringement cause of action here. To be sure, there are no facts alleged which would give rise to an infringement case (such as use of an unauthorized use of a campaign slogan or a name that has been registered with USPTO).

As the Magistrate Judge Sneed noted, recommending dismissal of a *pro se* complaint, in

*Poliselli, supra*, "a party must state its claims… in numbered paragraphs, each limited  as far as

practicable  to a single set of circumstances. Fed. R. Civ. P. 10(b)." Instead, in this instance,

Larose filed a rambling, disjointed, repetitive, single-spaced, and unnumbered document.

This Court's kind attention is invited to another, instructive case, *to wit, Young v.*

*Barquin*, 2024 WL 4652094 (S.D. Fla. Oct. 31, 2024), wherein Judge Ruiz dismissed a *pro se*

litigant's complaint, finding that it "fails to state a claim upon which relief may be granted and

does not adhere to the Federal Rules of Civil Procedure or the Local Rules for the Southern

District of Florida." at *1.  As astutely analyzed by Judge Ruiz:

> "[L]iberal construction of *pro se* pleadings 'does not give a court license to serve as *de*
> *facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain
> an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11ᵗʰ Cir.
> 2014)(quotation omitted)." *Young, supra, at* *1.
> \*    \*    \*
>
> "…*see also Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11ᵗʰ Cir. 2011)(explaining that
> courts may not act as a litigant's lawyer and construct the party's theory of liability from
> facts never alleged, alluded to, or mentioned during the litigation.)" *Id.*
>
> "The liberal and construction afforded to *pro se* litigants also does not allow them to file
> impermissible "shotgun" pleadings. The Eleventh Circuit has identified four rough types
> or categories of shotgun pleadings...*See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792
> F.3d 1313, 1321-23 (11ᵗʰ Cir. 2015)…"The next most common type… is a complaint that
> [is] …replete with conclusory, vague, and immaterial facts not obviously connected to
> any particular cause of action." Id. at 1321-22. "The third type of shotgun pleading is one
> that…[does] not separate[e] into a different count each of action or claim for relief." Id. at
> 1322-23." *Young, supra*, at *2. (Emphasis added.)

In the matter at hand, Larose has already once amended his complaint. Whilst defendants

do not believe Larose merits another opportunity to amend, it is within this court's discretion to

decide whether to grant a plaintiff leave to amend. *Lacy v. BP P.L.C.*, 723 F. Appx 713, 715

(*quoting Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11ᵗʰ Cir. 1988))." Cited in *Young,*

*supra*, at *2. Finally, in the *Young* case, *supra*, Judge Ruiz further perceived as follows: "And leave to amend a complaint is futile when the prosed amended complaint still would be subject to dismissal. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). *Young, supra*, at *2. Allowing Larose to amend his FTC and state law right of publicity claims would be futile.

## CONCLUSION

Considering the pleading at issue, in its current form and lack of substance, devoid of numbering, and bereft of rational organization, no reasonable, responsible, reverential lawyer could, and should not be constrained to, answer. Dismissal is, beyond cavil, warranted.

**WHEREFORE**, moving Defendants hereby respectfully submit that this Honorable Court should dismiss the Amended Complaint herein, dismiss the FTC claim with prejudice and, finally, to dismiss the state court claim of alleged violation of right of publicity, together with such other, further, and different relief as to this Court may deem just, equitable, and proper.

Dated: Weston, Florida
        March 23, 2026

Respectfully submitted,
IRA COHEN, P.A.


By:___/s/Ira Cohen_____
        Ira Cohen, Esq.
        Fla. Bar No. 0359882
        1730 Main Street, Ste 228
        Weston, FL 33326
        Telephone: (954) 533-1733
        Email: icohen@ictrademarksandcopyrights.com
        Counsel for Defendants,
        A & T Worldwide, Inc.; April Cohen

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 23, 2026, I electronically filed the foregoing document (Reply in Support of Defendants' Motion to Dismiss) with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel (of record or otherwise) and parties on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically a Notice of Electronic Filing.

By: _____ /s/ Ira Cohen _____

Ira Cohen, Esq.

Fla. Bar No.: 0359882

## SERVICE LIST

Plaintiff *Pro Se*
Josue Larose
1300 Washington Avenue
Unit (P.O.) Box 2064
Miami Beach, FL 33119
economistjosuelarose@yahoo.com

Counsel for the Defendants, Amazon.com,Inc. and Jeffery Bezos
Mallory Cooney, Esq.
K & L Gates LLP
200 South Biscayne Boulevard
Suite 3900
Miami, Florida 33131
Phone: (305) 539-3342
Fax: (305) 358-7095
mallory.cooney@klgates.com
www.klgates.com